IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy A. Romine, | : | |
| Plaintiff | : | Case No. 2:09-cv-00605 |
| v. | : | Judge Sargus |
| Michael J. Astrue, Commissioner of Social Security, | : | Magistrate Judge |
| | : | |
| Defendant | : | |

## ORDER

Plaintiff Timothy A. Romine brought this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security denying her application for disability benefits. This matter is before the Court on plaintiff's July 1, 2010 objections (doc. 25) to Magistrate Judge Mark R. Abel's June 22, 2010 Report and Recommendation (doc. 24) that the decision of the Commissioner denying benefits be affirmed.

Plaintiff Timothy Romine alleges he has been disabled since age 45 by diabetes mellitus with neuropathy, obesity, status post left shoulder surgery, depression, an adjustment disorder, anxiety, alcohol abuse, and borderline intellectual functioning. The administrative law judge found that Romine retained the ability to perform some light work, including the jobs of sorter, assembler, dishwasher and inspector. Plaintiff contends that the Commissioner's decision denying disability benefits is not supported by substantial evidence because the administrative law judge failed to consider the

combination of his physical and mental impairments and because her decision did not consider well-documented physical and mental impairments.

Plaintiff's brief points to Dr. Condon's diagnosis of cardiomyopathy, Dr. Reddy's report that Romine had moderate left ventricular systolic dysfunction, well-documented fibromyalgia, rheumatoid arthritis and obesity, and test results that document a loss of 24 IQ points since age 12.

The Report and Recommendation rejected these arguments:

> **Analysis.** There is substantial evidence supporting both the administrative law judge's physical and mental residual functional capacity findings.
> **Physical impairments.** Dr. Bradley Lewis, Romine's primary care physician, told the Commissioner that his patient was not disabled. Dr. John Condon's findings from his disability examination of plaintiff are consistent with the administrative law judge's finding that Romine retains the ability to perform a reduced range of work with light exertional demands. Dr. Maria Congbalay, who reviewed the medical evidence for the Commissioner, concluded that Romine could perform light work. Nothing in Dr. Masone's office notes is inconsistent with the administrative law judge's residual functional capacity findings. Similarly, the February 2008 arthroscopic surgery on plaintiff's shoulder did not prevent him, for a period of 12 or more months, from performing the light work identified by the administrative law judge. Of all the physicians, only Dr. G.G. Reddy, a treating cardiologist, believed Romine was "nearly totally disabled." But Dr. Reddy did not base that conclusion on plaintiff's mild cardiomyopathy, but on "his mental incapacitation and history of panic disorder." (R. 280.)
> **Mental impairments.** The administrative law judge found that plaintiff Romine could perform only low stress work with simple, routine work tasks. He could have only minimal interaction with the general public and superficial interaction with co-workers and supervisors. These mental limitations are consistent with the psychological and other evidence of record. Plaintiff argues that organic brain syndrome is documented by a more than 15 point loss in IQ score. School records indicate that at age 12 years, 5 months Romine's verbal IQ was 91, nonverbal 87, and full scale 89. (R. 238.) In May 2006, Dr. Miller administered the WAIS-III; and Romine's verbal IQ was 72, his performance IQ was 63, and his full scale IQ was 65, indicating "mild mental retardation." (R. 257-258.) But Dr. Miller did not

diagnose organic brain syndrome or mental retardation. He said that Romine's "daily functioning indicates he is within the borderline range and does not meet the criteria for mental retardation. He is able to communicate and exhibits basic self care." (R. 258.) Dr. Miller diagnosed borderline intellectual functioning. *Id.*

The administrative law judge's mental residual functional capacity restrictions are consistent with Dr. Miller's conclusions that Romine had mild impairment in his ability to understand, remember and carry out one and two step job instructions; moderate to marked impairment in his ability to interact with coworkers, supervisors, and the public; moderate impairment in his ability to maintain attention span and concentration; moderate to marked impairment in his ability to deal with stress and pressure in a work setting; and moderate impairment in persistence in task completion. (R. 259.)

Nothing in the reports from Mid-Ohio Psychological Services would require the administrative law judge to find more significant mental residual functional capacity limitations. Romine sought counseling to get a diagnosis that would help him get Social Security disability benefits. (R. 372.) He attended counseling sessions regularly for about the first 6 months (R. 352 and 537), but during the entire year and one-half of treatment, he kept just half of his scheduled appointments (24 out of 47). (R. 548.) Further, plaintiff made little progress in dealing with his alcohol dependence. *Id.* The treatment notes do not reflect much on-going counseling for anxiety, panic attacks or depression. In July 2007, Romine reported continued "stress related to living with his mother and having to wait on a disability decision." (R. 532.) In October 2007, Romine reported "a reduction in stressors in his life and an increased ability to handle those stressors appropriately." (R. 517.) In May 2008, he reported that he was "continuing to deal with anxiety and depression related to being unable to work." He was taking Xanax for anxiety and Lexapro for depression as prescribed by his primary care physician, Dr. Brad Lewis. (R. 513.)

Dr. William Vasilakis, a psychologist who filed out a mental functional capacity assessment for the Fairfield County Department of Job and Family Services (R. 544-46.) did state the opinion that Romine was unable to work. However, Dr. Vasilakis was not a treator. His findings on clinical examination did not require the administrative law judge to accept his opinion on the ultimate issue of disability. *See, White v. Commissioner of Social Security*, 572 F.3d 272, 286 (6th Cir. 2009). No treating source has reported that plaintiff is disabled by his mental residual functional capacity. From a review of the record as a whole, there is substantial evidence supporting the administrative law judge's mental residual functional capacity findings.

Doc. 24, at pp. 15-18.

As the Commissioner argues, although plaintiff asserts that the administrative law judge failed to consider the combination of his impairments, particularly his obesity and cardiomyopathy, he does not expressly challenge the administrative law judge's residual functional capacity findings. As the Report and Recommendation states, Romine's primary care physician reported that his patient was not disabled. No physician, including Drs. Reddy and Condon, expressed the opinion that Romine's physical condition prevented him from working. Further, no psychiatrist or psychologist has found that Romine's mental condition precludes work.

Upon a review of the record as a whole, the Court concludes that there is substantial evidence supporting the administrative law judge's decision that plaintiff Romine retains the ability to perform substantial gainful work. Accordingly, the decision of the Commissioner denying disability benefits is AFFIRMED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendant.

9-20-2010

Edmund A. Sargus, Jr.
United States District Judge